22 C. C. P. A. (Patents).

## In re SPOHN et al.

### Patent Appeal No. 3508.

Court of Customs and Patent Appeals.
June 3, 1935.

Lester G. Budlong, of New York City (Elmer Stewart, of Washington, D. C., of counsel), for appellants.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

An application was filed in the United States Patent Office by the appellants for a patent upon certain alleged improvements in animal food and methods and apparatus for making the same. The claims 1 to 18, inclusive, were rejected by both tribunals in the Patent Office. On the hearing in this court, the appellants moved to dismiss the appeal as to claims 1 and 2. The motion is allowed.

The claims were rejected upon a considerable number of references, as follows:

King (British), 19,700, September 9, 1893.

Oxford (British), 23,055, October 17, 1907.

Lauhoff, 901,455, October 20, 1908.

Jones (British), 280,774, November 24, 1927.

Steenbock, 1,680,818, August 14, 1928.

MacLean (British), 295,757, August 23, 1928.

Placak, 1,764,085, June 17, 1930.

Weber, 1,776,055, September 16, 1930.

"Vital Factors of Foods"—Ellis and MacLeod, D. Van Nostrand Co., New York, 1922, pp. 77, 81 and 148.

Claims 10 and 15 are thought to be representative, and are as follows:

"10. An animal food comprising particles of toasted cereal, protein supplying materials and yeast containing vitamins in an active condition."

"15. In the method of making an animal food, the steps comprising treating toasted cereal food and protein bearing material with a yeast solution containing vitamins in an active condition and then drying the materials at a temperature below the temperature which is destructive to vitamins."

The subject-matter of the appeal consists of a prepared animal food and the method of preparing the same, and the case is a companion case to In re Luke et al., 77 F.(2d) 772, 22 C. C. P. A. (Patents) ——, and In re Spohn, 77 F.(2d) 768, 22 C. C. P. A. (Patents) ——, decided concurrently herewith. The product consists of a balanced ration containing proteins, carbohydrates, minerals, vitamins, and the like, and may be in the form of biscuits or otherwise. The preferred form, a sample of which is produced in court, consists of pellets of a cylindrical form, suitable for use by dogs, cats, and small fur-bearing animals such as may be kept in captivity. In preparing the food, the appellants use meat, toasted cereals, and other food products, so combined as to make a healthful and sufficient food. The vitamins are of the groups known as B and D, and are added by the use of yeast and by the subjection of some of the food products to the violet ray. The yeast may be added in a powdered form, or be sprayed in a liquid form upon the food products which are placed in the material. If sprayed upon the material, the product is thereafter dried at a temperature below the temperature which would destroy the vitamins, which is suggested by at least one of the claims to be below 120° F.

It would serve no useful purpose for this court to discuss the various references and their application to the subject-matter of this appeal at length. The examiner has done this at great length, pointing out explicitly where each reference may be applied.

It is sufficient for us to state that the prior art, as shown by these references, shows the use of food materials combined so as to obtain a healthful and sufficient food for animals. It also shows that it is old in the art to form such products into cakes. The processes and apparatus for making such products are well known. The use of yeast in such products has been long known, and the references show that it has also been well known to add materials, including vitamins B and D, to such products, the D vitamin being introduced by means of violet ray treatment. The art was also acquainted with methods of spraying such products with the material desired to be added. While the references do not expressly disclose the drying of a sprayed solution of yeast, at a temperature which will not destroy vitamins, we are in entire agreement with the conclusion of the tribunals of the Patent Office that it would be obvious that the drying temperature used should be such as would not destroy the activity of the vitamins which had been added. It is also shown by the references that there is nothing new in the use of toasted materials in such food products.

There being nothing new, unobvious, or inventive in the disclosure of the appellants, it is our opinion that the decision of the Board of Appeals was correct. The appeal is dismissed as to claims 1 and 2, and in other respects the decision of the Board of Appeals is affirmed.

Affirmed.